```
                  UNITED STATES BANKRUPTCY COURT
                   EASTERN DISTRICT OF KENTUCKY
                         ASHLAND DIVISION


IN RE:

RAYMOND DOYLE BREEDING                          CASE NO. 05-17007

DEBTOR

PHAEDRA SPRADLIN                                PLAINTIFF

v.                                              ADV. NO. 07-1014

CARLA BREEDING
a/k/a CARLA PAULEY
                                                DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This matter having come before the court upon Defendant's Motion for Summary Judgment(DOC 22), and the matter having been heard by the court on October 22, 2007, the court issues this Memorandum Opinion and Order.

This matter is submitted to the court on the issue of whether Bankruptcy Rule 4003(b) precludes the Plaintiff trustee from recovering assets of the debtor where there was no objection to claimed exemptions filed within 30 days of the conclusion of the 341 meeting.

Plaintiff filed a complaint in this adversary proceeding against the Defendants seeking turnover of approximately $76,900.00 in bankruptcy estate property pursuant to 11 U.S.C. § 542(a). The basis of the complaint is that the debtor received $147,000.00 in settlement of a motor vehicle accident occurring prior to his bankruptcy and that approximately $76,900.00 of that settlement was then provided to the defendant; and that this court had previously sustained the trustee's objections to debtor's exemptions making the settlement funds property

of the bankruptcy estate.

The Defendant filed an answer and cross claim against the debtor. Defendant asserts in her cross claim that she did not know that the debtor was under an obligation to give the settlement money to the bankruptcy court.

Defendant then filed a Motion for Summary Judgment. Defendant argues that Bankruptcy Rule 4003(b) precludes the trustee from seeking recovery of assets claimed exempt by the debtor if there was no objection to the claimed exemptions within 30 days of the conclusion of the 341 meeting.

Plaintiff filed a response. Plaintiff argues that Defendant's motion is spurious because this court has already disallowed the claimed exemptions in the main case that are applicable to this adversary proceeding.

Defendant replied arguing that the fact that this court has already entered an order disallowing the exemptions is of no effect because the trustee never timely objected to the exemptions.

<u>Analysis</u>.

Debtor filed a Chapter 13 along with his schedules on November 17, 2005. On Schedule C, debtor listed exemptions under 11 U.S.C. 522(d)(10(C) and 522(d)(11)(D) for a disability claim and a total permanent workers compensation claim. The 341 meeting was held on December 22, 2005. The Chapter 13 Trustee objected to those claims as exempt on October 16, 2006. The trustee argued that the post-petition lump sum received by the debtor derived from a settlement of a negligence/personal injury action rather than from worker's compensation benefits designated to replace future income. This court sustained the trustee's objection and disallowed the claim of

exemptions on January 12, 2007, with a finding that the $147,785.51 received by the debtor was pursuant to a Settlement Agreement and Release relating to *Raymond D. Breeding v. Ninif Y. Alisha and B.R. Trucking*, Lake Superior Court, Crown Point, Indiana, cause no. 45D11-0412-CT-264. On April 4, 2007, the main case was converted to Chapter 7. On July 23, 2007, the Chapter 7 trustee filed this adversary proceeding.

Upon the filing of a bankruptcy petition, "all legal or equitable interests of the debtor in property" become the property of the bankruptcy estate. 11 U.S.C. § 541. The Bankruptcy Code permits the debtor to prevent the distribution of certain estate property by claiming it as exempt. 11 U.S.C. § 522(b). A properly filed exemption removes property from the bankruptcy estate, and consequently from the reach of creditors and the bankruptcy trustee. Lebovitz v. Hagermeyer (In re Lebovitz), 360 B.R. 612, 618 (B.A.P. 6th Cir. 2007). In some states, including Kentucky, a debtor is permitted to choose from the exemptions afforded by state law or from the federal exemptions listed in §523(d). In this case, the debtor selected the federal exemptions.

Section 522(l) of the Bankruptcy Code requires that a debtor file with the court a list of property that he or she wishes to exempt from the bankruptcy estate. These proposed exemptions must be listed on the debtor's Schedule C and must include a description of the property exempted, the statutory section authorizing the exemption, the value of the exemption, and the market value (less applicable liens) of the exempted property. Fed. R. Bankr. P. 4003(a). Unless a party in interest objects to the listed exemption within 30 days of the close of the meeting of creditors (or 30 days after a subsequent amendment of the schedule), the property claimed as exempt is exempt. 11 U.S.C.

§ 522(l); Fed. R. Bankr. P. 4003(b).

The Supreme Court has addressed the significance of timeliness in the filing of an objection, and has taken a strict hardline approach. In Taylor v. Freeland & Kronz, the Court held that a trustee may not contest the validity of an exemption after the 30 day objection deadline has passed, even if the debtor had no colorable basis for claiming the exemption. Taylor v. Freeland & Kronz, 503 U.S. 638, 638, 112 S. Ct. 1644, 1645 (1992).

In Taylor, the debtor had disclosed an employment discrimination lawsuit on her schedules, listed its value as unknown, and claimed the full amount of the unknown proceeds as exempt. Id. at 640. (The debtor and the trustee later agreed that the debtor could not have properly exempted more than a small portion, approximately $2,500.00, of any potential recovery. Id. at 642. After some investigation, and despite the assertion of the debtor's attorneys to the contrary, the trustee decided not to object to the debtor's claimed exemption because the trustee believed that the lawsuit was of no value to the estate. Id. at 641. Ultimately the lawsuit was settled for $110,000.00, and subsequently the trustee objected to the claimed exemption, asserting that it was not filed in good faith. Id. at 643. In overruling the trustee's untimely objection, the Supreme Court reasoned, "[R]ule 4003(b) gives the trustee and creditors 30 days from the initial [meeting of creditors] to object. By negative implication, the rule indicates that creditors [or the trustee] may not object after 30 days unless, within such period, further time is granted by the court." Id. at 643. Upon reaching this conclusion, the Court stated, "[D]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Id. at 644.

The <u>Taylor</u> decision is clear that when a debtor makes an unambiguous manifestation of intent to seek an unlimited exemption in a piece of property, then, absent a timely objection, that property is exempt in its entirety, even if its actual value exceeds statutory limits. The question here is what constitutes such an intent.

Here, the debtor mischaracterized the property claimed as exempt as workers compensation and permanent disability when in fact the property was a settlement for negligence/personal injury. This does not show the required intent necessary to exempt a settlement. The trustee cannot be obligated to object to a settlement exemption when no claim of a settlement exemption has been filed.

For the reasons set out above, the court will and hereby does, DENY, Defendant's Motion for Summary Judgment.

COPIES TO:

Jeffrey Tatterson, Esq.
Chrisandrea Turner Ingram, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge**
**Dated: Wednesday, October 24, 2007**
**(jms)**