UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

IN RE:

RAYMOND DOYLE BREEDING                           CASE NO. 05-17007

DEBTOR

PHAEDRA SPRADLIN                                 PLAINTIFF

v.                                               ADV. NO. 07-1014

CARLA BREEDING
a/k/a CARLA PAULEY

                                                 DEFENDANT

<u>**MEMORANDUM OPINION**</u>

    This matter having come before the Court for the trial of this
matter on April 22, 2008, and the Court having considered the
testimony and argument enters the following Memorandum Opinion.

    The jurisdiction of this case is based upon 28 U.S.C. § 1334.
This is a core proceeding under 28 U.S.C. § 157. Venue is proper
pursuant to 28 U.S.C. § 1409.

    The Trustee brings this action under 11 U.S.C. § 542(a) seeking
turnover of property to the estate. The Trustee seeks a balance of
$60,708.52 from the Defendant, the ex-wife of the Debtor, for money
that the Defendant spent that was property of the bankruptcy estate.
The Defendant received that money from the Debtor who received a post-
petition settlement of a personal injury claim. The Defendant filed a
third party complaint against the Debtor in an amount to compensate
her for her losses due to the fact that she relied on these gifts to
her detriment not knowing that the Debtor was under an obligation to
give the settlement money to the bankruptcy estate.

    <u>Facts</u>. The facts are not in dispute. The Debtor received

$147,785.51 in a post-petition settlement of a personal injury claim. The money was deposited in a joint savings account of the Debtor and the Defendant.

On October 10, 2006, $65,000.00 was transferred to a joint checking account of the Debtor and the Defendant. The Defendant wrote checks from the checking account for her benefit for the following:

- Payoff car loan to Chrysler Financial: $34,337.75
- Payoff her home mortgage to USRA-RO:   $11,087.06
- Payoff her bedroom suit to J.C. Penny: $ 2,824.82
- Payoff her lawn mower to Lowes:        $   400.00
- Gift to her mother:                    $ 1,500.00
- Payoff of a credit card:               $ 1,136.28
- Payoff of another credit card:         $   536.69
- Pay taxes on her home:                 $   433.87
- Purchase furniture:                    $   440.94
- Pay for son's car repairs:             $   113.17
- Purchase extended warranty on her car  $ 2,485.00

From the remaining money in the joint savings account, the Defendant transferred $16,500.00 to her personal checking account.

Thus, the Defendant received $71,796.18. The Trustee has received $11,087.66 from the Debtor that was paid by Defendant in a divorce action.

Conclusions of Law. The $147,785.51 received post-petition as settlement of a personal injury claim was property of the bankruptcy estate pursuant to 11 U.S.C. § 541. That property should have been turned over to the Trustee pursuant to 11 U.S.C. § 542. Defendant received $71,796.18 that was property of the bankruptcy estate, $11,087.66 has been returned to the Trustee, leaving a balance of

$60,708.52 owed by the Defendant to the Trustee. Defendant relied on these gifts to her detriment not knowing that the Debtor was under an obligation to give the settlement money to the bankruptcy estate.

For those reasons, two separate orders of judgment will be entered by the Court. The first judgment shall be for the Trustee against the Defendant for the sum of $60,708.52. The second judgment shall be for the Defendant against the Debtor for the sum of $60,708.52. This memorandum opinion constitutes the Court's findings of fact and conclusions of law.

COPIES TO:

Carla Pauley
John Morgan, Esq.
Debtor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
***Joseph M. Scott***
**Bankruptcy Judge**
**Dated: Friday, May 02, 2008**
**(jms)**